IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEAN CENECHARL,

      Petitioner,

v.                         CASE NO. 1:14-cv-137-WS-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  In his Petition,

Petitioner contends that (1) his trial counsel was ineffective for failing to

object and move for a mistrial when the prosecutor commented on

Petitioner's right to remain silent, and (2) the trial court erred by admitting

over objection statements of the alleged co-conspirators Jones and Pierre.

(*Id.*) Respondent filed a response, ECF No. 17, along with relevant

portions of the state-court record. (ECF Nos. 17-1–17-5 "Ex."[1]) Petitioner

filed a reply. (ECF No. 19.) Upon due consideration of the Petition, the

---

[1] Where an exhibit is separately paginated, the pinpoint citations to the exhibits will be the lettered exhibit followed by the appropriate page number(s). If an exhibit is not separately paginated, the identification used will be the ECF designation at the top of the page followed by the corresponding page number.

Response, the Reply, and the state-court record, the undersigned

recommends that the Petition be denied.[2]

## Summary of State-Court Proceedings

Petitioner was charged by a Second Amended Complaint with

burglary while armed, grand theft, conspiracy to commit burglary while

armed, and felony criminal mischief. (ECF No. 17-1 at 85.) On February 17

and 18, 2009, there was a jury trial. (Ex. G at 1.) The jury found Petitioner

guilty of all charges. (ECF No. 17-1 at 131–33.) The trial court entered a

judgment of guilty on that same day. (*Id.* at 136.) The court sentenced him

on March 26, 2009, to twenty years of imprisonment and ten years of

probation for count 1, 15 years of imprisonment for each of counts 2 and 3

to be served concurrently with count 1, and five years of imprisonment for

count 4 to be served concurrently with count 1. (*Id*. at 144–48.)

Petitioner appealed to the First District Court of Appeals ("First

District"). (Ex. J.) On appeal, Petitioner asserted that (1) the trial court

erred in admitting the statements of the alleged co-conspirators, Jones and

Pierre, as a statement against penal interests because they were not

"unavailable"; (2) even if the alleged co-conspirators, Jones and Pierre,

---

[2]  Because the Court may resolve the Petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

were "unavailable," the court still erred in admitting them because they

were inadmissible "testimonial" hearsay; (3) the statements of the alleged

co-conspirators, Jones and Pierre, were not an exception to the hearsay

rule because the statements occurred after the alleged conspiracy and did

nothing to "further" the same; (4) before a co-conspirator's hearsay

statement can be admitted, a court must rely on independent evidence to

prove that a conspiracy actually existed and each member's participation in

it; (5) the admission of the statements of the alleged co-conspirators,

Jones and Pierre, was not harmless error; and (6) appellant's counsel was

ineffective when he failed to object to the State's use of the statements of

the alleged co-conspirators, Jones and Pierre, due to their "testimonial"

nature, the fact that they were not exceptions to the hearsay rule, and the

fact that he never required the court to find independent evidence proving

the existence of a conspiracy and each member's participation in it. (*Id.*)

The First District affirmed *per curiam* without opinion on June 25, 2010.

(Ex. M.) It issued its mandate on July 13, 2010. (*Id.*)

Petitioner then sought relief pursuant to Fla. R. Crim. P. 3.850.  He

filed his Rule 3.850 motion *pro se* on October 22, 2010.[3] (Ex. N at 1–19.) In

---

[3] This date here is the date on which Petitioner submitted his motion to the prison for mailing. (Ex. I at 1.) The dates used for other filings from Petitioner are also those on which Petitioner submitted the filing for mailing at the prison.

his motion, Petitioner claimed that (1) his counsel was ineffective for failing to object when the court ignored Petitioner's offer to stipulate to being a convicted felon; (2) his counsel was ineffective for failing to object to jury instructions that informed the jury of the nature of Petitioner's prior conviction; (3) his counsel was ineffective for failing to object and move for mistrial when the prosecutor appealed to the jury's community sensibilities during closing; (4) his counsel was ineffective for failing to object during closing arguments when the prosecutor asserted personal beliefs and vouched for the credibility of witnesses; (5) his counsel was ineffective for failing to object and move for mistrial when on two occasions the prosecutor commented on Petitioner's right to remain silent and not testify; (6) his counsel was ineffective during closing argument when he conceded guilt on the charged crime without Petitioner's consent; and (7) his counsel's cumulative errors and omissions constitute ineffective assistance of counsel. (*Id.*) Petitioner then amended his motion to also include the following claims: (8) the trial court erred in convicting Petitioner because he is innocent, and (9) the trial court violated his Sixth Amendment rights by failing to allow Petitioner to face his accuser. (*Id.* at 26–28.) He then filed a motion including an additional ground for relief: (10) the trial court erred in convicting Petitioner because he was never at the crime scene. (*Id.* at 31.)

The state circuit court denied this motion on December 6, 2013, without an evidentiary hearing. (*Id.* at 85–93.)  Petitioner appealed, only on the ground that the trial court erred in summarily denying ground H of his motion for post-conviction relief, in which he alleged that he had new evidence. (Ex. P.) The First District affirmed without opinion on May 1, 2014. (Ex. R.) Petitioner then filed his petition for a writ of habeas corpus on August 4, 2014. (ECF No. 1.)

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined  by  the  Supreme  Court  of  the  United  States." 28 U.S.C.  § 2254(d)(1). "It is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to

rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting  *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, as mentioned above, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting *Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702.  In other words, Petitioner must establish that no fairminded jurist would have reached the

Florida court's conclusion.  *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact-finding only to the extent that the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A federal habeas court can consider the full record before it to answer "the only question" that matters: "whether the state court's determination [was] objectively unreasonable."  *Id.* at 1290.

## Ineffective Assistance of Counsel

Because one of Petitioner's claims alleges ineffective assistance, a review of the applicable law is necessary. Under *Strickland v. Washington*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was below an objective and reasonable professional norm, and (2) he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. 668, 686–96 (1984).  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). With respect to the performance prong, in the context of a plea bargain, "defense counsel has the duty to communicate formal offers from the prosecutor to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. To show prejudice in the context of a plea bargain, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).  Where the prejudice alleged is the choice to reject a plea offer,

> a defendant must show that but for the ineffective advice of
> counsel there is a reasonable probability that the plea offer
> would have been presented to the court (*i.e.*, that the defendant
> would have accepted the plea and the prosecution would not

have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court.  28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law."  *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated another way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the federal court grant relief. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105.  When combined with the extra layer of deference that § 2254 provides, the result is double deference, and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that a state court denied on the merits is found to merit relief in a federal habeas proceeding.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his

conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must fairly present the claim in each appropriate state court, thereby affording the state courts a meaningful "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman*

*v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986).  But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such a case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453.

To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

# DISCUSSION

## Ground One: Although trial counsel was not ineffective for failing to object and move for a mistrial based on the prosecutor's statements during closing arguments, this claim is procedurally defaulted.

Petitioner contends that his trial counsel rendered ineffective assistance in failing to object to the prosecutor's improper comments on Petitioner's right to remain silent and refusal to testify during the rebuttal phase of closing arguments. (ECF No. 1 at 5.) Petitioner asserts that his counsel's performance fell below an objective standard of reasonableness, and his deficient performance prejudiced Petitioner. (*Id.*)

Respondent argues that this claim is unexhausted because although Petitioner raised the claim in his motion for post-conviction relief, he did not raise the denial of that claim in his appeal of his motion to the First District. (ECF No. 17 at 16.) Because the First District only addressed the argument raised on appeal, namely ground H—asserting Petitioner's innocence and stating he had newly discovered evidence (*See* Ex. P)—Respondent argues that this claim is not properly exhausted. (ECF No. 17 at 16.) Further, the claim is now procedurally defaulted. (*Id.*)

As mentioned above, before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available

for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845. Further, a petitioner must raise these claims in the state's highest court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Notably, a Florida prisoner need not seek review in the Florida Supreme Court of a Florida appellate court's decision that affirms a prisoner's conviction or denial of a state post-conviction motion to adequately exhaust state remedies. *Williams v. Wainright*, 452 F.2d 775, 776–77 (5th Cir. 1971).

Petitioner asserted this ground in his motion for post-conviction relief as ground five. Ground five argued that Petitioner's trial counsel rendered ineffective assistance when counsel failed to object and move for a mistrial when the prosecutor commented twice on Petitioner's right to remain silent and not testify. (Ex. N at 13.) The court denied Petitioner's motion for post-conviction relief on all grounds. (Ex. N at 85–93.) When Petitioner appealed the court's denial of his motion for post-conviction relief, however, Petitioner only alleged that the trial court erred in summarily denying ground (H) of his motion. (Ex. P.) Ground H of his motion asserted

that Petitioner is actually innocent, stating that he had newly discovered evidence in the form of a recantation from one of the alleged co-defendants. (Ex. N at 26.) This ground is different from the ground Petitioner asserts in his Petition. Thus, Petitioner never presented this claim to the state courts at the appellate level, so this claim is unexhausted.

Not only is Petitioner's claim unexhausted, but it is also procedurally defaulted. Petitioner never raised this specific claim on appeal from the trial court's denial of his motion for post-conviction relief. A state post-conviction motion be must filed within two years after the judgment and sentence became final. Fla. R. Crim. P. 3.850(b). Because Petitioner's judgment became final in 2010 when the First District issued its mandate affirming the trial court's judgment—more than six years ago—he would be procedurally barred from now asserting this issue in a state post-conviction motion.[4] (*See* Ex. M.)

As discussed above, federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and

---

[4] Although there are several exceptions to the time limitations for filing a 3.850 motion, none would appear to apply in Petitioner's case. *See* Fla. R. Crim. P. 3.850(b).

actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Bailey*, 172 F.3d  at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).

Petitioner has failed to show the requisite cause and prejudice or a fundamental miscarriage of justice for his procedural default, meaning he cannot use this claim for federal habeas relief. Nothing suggests, nor does Petitioner allege, that he failed to assert this claim in state proceedings because of something external to Petitioner. *See Coleman*, 501 U.S. at 753 (stating that "cause" must be something external to the petition that cannot fairly be attributed to him). In fact, Petitioner actually argues that the claim is exhausted, thus failing to provide any cause for his failure to exhaust. Because Petitioner has not shown cause for his default, the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice.").

And considering Petitioner has not alleged any new evidence, upon which no reasonable juror would have convicted him, he also has not shown a fundamental miscarriage of justice to excuse his procedural

default. *See Mize*, 532 F.3d at 1190. Therefore, Petitioner's default cannot be excused.

Because Petitioner's claim is procedurally defaulted, Petitioner is not entitled to habeas relief on this ground. *Doorbal v. McNeil*, 572 F.3d 1222, 1229 (11th Cir. 2009) (noting that because the petitioner "failed to allege cause and prejudice or actual innocence that would excuse the procedural default of his claim of ineffective assistance of counsel . . . '[h]e is therefore barred from raising it now'" (alteration in original) (quoting *Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006)).

Even assuming, *arguendo*, that Petitioner exhausted this claim in state court, there is no basis for federal habeas relief on the merits of the claim.[5] In rejecting the ineffectiveness claim Petitioner raised in his motion for post-conviction relief but failed to subsequently raise on appeal, the state court wrote:

> Defendant alleges that trial counsel was ineffective for "failing to object and move for [a] mistrial when on two occasions the prosecutor commented on Defendant's right to remain silent and not testify." According to Defendant, the prosecutor made the following two improper statements during his closing argument: (1) he asserted that there was "no testimony that these officers are making the stop up"; and, (2) "The Defendant, if he's wrongly accused, could have said

---

[5] Pursuant to 28 U.S.C. § 2254(b)(2), a habeas petition may be denied on the merits, notwithstanding Petitioner's failure to exhaust state court remedies.

> something." Neither of these statements was made during the State's closing argument. *See* Trial Transcript at 265 (lines 1-25)–307 (line 1), 341 (lines 20-25)–353 (lines 1-11). Because neither of the acts that Defendant alleges occurred actually took place, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

(Ex. N at 90.) In his Petition, the statements by the prosecutor that Petitioner takes issue with are "there is no testimony that these officers are making the stuff up" and "what testimony or evidence do you have that that is the case? Absolutely none." (ECF No. 1 at 5.)  Thus, one statement differs from that noted in his motion for post-conviction relief.

Petitioner alleges in his Petition that in denying his Rule 3.850 motion, the state court's denial was contrary to or an unreasonably application of federal precedent as established by the U.S. Supreme Court. (ECF No. 1 at 5; ECF No. 19 at 3.) Petitioner makes no further argument as to the unreasonable application of federal law or any unreasonable determination of the facts by the state court. Because there is no evidence that the state court's determination was objectively unreasonable, habeas relief is not available for ground one.

Further, to prevail on this claim based on ineffectiveness of counsel, Petitioner must show (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that Petitioner was

prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The Court may dispose of the claim if Petitioner fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697.

Petitioner has failed to show that his counsel's performance was below an objective and reasonable professional norm when his counsel did not object during closing arguments. During the trial, the prosecutor did not make either of the statements asserted in his motion for post-conviction relief. And while the prosecutor did make the new statement mentioned in the Petition, this statement does not constitute an improper comment on Petitioner's right to remain silent or his privilege against self-incrimination. In fact, nothing in the prosecutor's closing argument or rebuttal constitutes an improper comment.  Accordingly, there was no reason for Petitioner's trial counsel to object, so his performance was not deficient for failing to do so.

Petitioner has failed to show that counsel's conduct was below an objective and reasonable professional norm. Simply because Petitioner disagreed with the statements made by the prosecutor does not make them improper statements on his right to remain silent—statements which his counsel should have objected to. Accordingly, trial counsel's performance was not deficient or ineffective, in accordance with the

*Strickland* standard. Because Petitioner cannot prevail on *Strickland*'s

performance prong, the Court need not address the prejudice prong.

*Strickland*, 466 U.S. at 697. The Court determines that Petitioner has not

proven ineffective assistance of counsel on this ground.

To grant habeas relief, the Court must find that the state court

decision is contrary to or an unreasonable application of federal law that

has been clearly established by decisions of the Supreme Court. 28 U.S.C.

§ 2254(d)(1). Petitioner has failed to show that the state court's rejection of

this claim was contrary to, or an unreasonable application of, federal law

and, therefore, should be denied. Accordingly, Petitioner is not entitled to

federal habeas relief on ground one.

**Ground Two: The trial court did not err by admitting over objection
the post-arrest statements of the alleged co-conspirators Jones and
Pierre, and even if it did, the error was not material.**

Petitioner contends that the trial court erred in admitting over

objection the post-arrest statements of the alleged co-conspirators Jones

and Pierre. (ECF No. 1 at 7.) Petitioner argues that these statements

constituted inadmissible hearsay testimony, in violation of his Sixth and

Fourteenth Amendment rights. (*Id.*) Petitioner never had a chance to cross-

examine these witnesses, and the trial court never declared these

witnesses unavailable. (*Id.*) Accordingly, Petitioner argues that admitting

these statements during the testimony of Detective Goodman violated his right under the Sixth Amendment to confront the witnesses presented against.  (*Id.*) Petitioner raised this claim as multiple claims in his appeal to the First District. (Ex. J.)

The First District affirmed *per curiam* without opinion. (Ex. M.) Therefore, the First District found no error in the admission of these statements over objection. Petitioner states, however, that the court's denial was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. (ECF No. 1 at 7.) In his Reply, he further argues that the use of the statements violated his right to confront witnesses against him under *Crawford v. Washington*, 541 U.S. 36 (2004), and his Sixth Amendment rights. (ECF No. 19 at 4.)

Petitioner has failed to present any argument beyond mere conclusory statements in his Petition that the state appellate court unreasonably applied federal law or unreasonably determined the facts. As stated previously, habeas relief based upon a claim previously adjudicated on the merits in state court is only permissible if the adjudication

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding."

28 U.S.C. § 2254(d).

In Petitioner's motion in limine, he requested that the Court rule the following inadmissible during trial: "Any statement by co-defendants James Jones and Jerry Pierre in this case implicating the Defendant in this or any crime as inadmissible hearsay." (ECF No. 17-1 at 106.) This motion was denied. (*Id.* at 115.) Notably, the motion in limine did not seek to rule all statements by co-defendants inadmissible, only those implicating Petitioner. During the hearing on the motions in limine, the prosecutor stated, "I do not intend to elicit or even create any question that infers to this jury that in Jerry Pierre's confession he implicated Jean Cenecharl or that in James Jones' confession he implicated Jean Cenecharl. . . . They confessed to their involvement. Nothing about them implicated Jean Cenecharl." (ECF No. 17-2 at 57.)  At the end of this discussion, Petitioner's trial counsel stated, "If we're on the same page with that, I have no problem." (*Id.* at 59.)

During the trial, the prosecutor informed the court before eliciting any statements from Detective Goodman concerning statements made by the alleged co-conspirators. The prosecutor stated,

> I was going to ask Detective Goodman about James

Jones being interviewed the day after this interview; that he
was Mirandized, and that he confessed as to his involvement,
but not say anything about implicating Mr. Cenecharl, that
statement being a statement against penal interest in light of
the fact that – and we established that – this at the co-
defendant's trial. But in light of the fact that both Mr. Jones and
Mr. Pierre are unavailable because they have chosen to be
unavailable and not participate in the trials.

      This – the two additional statements are this: I intend to
ask Detective Goodman in his – did he confess that he was the
one who broke the door, did he confess that he was the first
one in, and did he confess that he was the one who sold the
jewelry in Miami? And that's it. They're all still statements
against penal interest referring to James Jones. They have no
implication of Jean Cenecharl. The obvious relevance to those,
in addition to being statements against penal interest, is the
fact that those are some of the points that Jean Cenecharl has
made, which the Defense is raising he didn't make; that this is
a contrived or falsified confession. Well it just so happens
another guy whose statements are both Mirandized and
recorded corroborates, you know, some key points.

(ECF No. 17-2 at 301–02.)

Petitioner's counsel then objects, stating,

There's really no testimony, I think – well, except argument
before the court on whether they are or are not legally
unavailable for statements against interest. I understand that
his arguments are statement against interest – it's a penal
interest at the time. As we agreed yesterday, to mention the
confession and also a – taped statements, which we agreed
on. I'm just going to object getting any more specific than just
that as we agreed upon yesterday.

(*Id.* at 303.)

The court ruled, stating "I think as long as it's confined to what you've

indicated, then the court would allow that." (*Id.*) Again, the objection was to

"getting any more specific than just that as we agreed upon yesterday," not to any statements made by the co-defendants. Following this ruling, the prosecutor kept his questions limited, and none of the statements from Detective Goodman about statements made by Jones and Pierre implicated Petitioner in any way. (*Id.* at 306–08.) Thus, to the extent that Petitioner's argument is that the statements were erroneously admitted "over objection," the prosecutor's use of these statements was never subject to any objection because none of the statements implicated Petitioner, as agreed upon by the prosecutor and Petitioner's trial counsel. Because an agreement was reached on the use of statements that did not implicate Petitioner, there was no need for the court to determine their admissibility.

Additionally, to the extent that Petitioner argues that the admissibility of these statements violated the Confrontation Clause and his Sixth Amendment right to confront witnesses against him, ECF No. 1 at 7, Respondent argues that the co-defendants did not constitute "witnesses against him." (ECF No. 17 at 23–24.) Under the Sixth Amendment, "In all criminal prosecutors, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Respondent argues, however, that because the statements by the co-defendants did

not implicate Petitioner in any way—they only described their own involvement, without mentioning Petitioner at all—the statements were not used as statements against Petitioner, and thus the co-defendants were not witnesses against him. (ECF No. 17 at 23–24.)

The Court, however, does not need to determine whether these statements were made by witnesses against Petitioner because even if the trial court did err in the admissibility of these statements, Petitioner cannot prove that any alleged error impacted the fundamental fairness of the trial or adversely affected it. Generally, a federal court does not review a trial court's decisions regarding the admissibility of evidence. *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983). Additionally, an erroneous decision by the trial court regarding the admission of evidence is not alone sufficient to support habeas relief. *Id.* A state trial court's evidentiary rulings do not provide a basis for federal habeas relief absent a showing that the ruling affected the fundamental fairness of the trial.  *See Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998).   "In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.'" *Shaw*, 695 F.2d at 530 (citing *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976), *cert. denied*, 429

U.S. 850 (1976) (quoting *Corpus v. Beto*, 469 F.2d 953 (5th Cir. 1972),

*cert. denied*, 414 U.S. 932 (1973))).  A Petitioner must show that the ruling

had "'[a] substantial and injurious effect or influence in determining the

jury's verdict.'" *Sims*, 155 F.3d at 1312 (quoting *Brecht v. Abrahamson*,

507 U.S. 619, 623 (1993)).

Petitioner has failed to show that any error was material or that the

admission of these statements had a substantial and injurious effect or

influence on the jury's verdict. Petitioner alleges that these statements

were crucial to the State's argument that Petitioner confessed to the

crimes. (ECF No. 19 at 4.) He further alleges that there was insufficient

evidence that he confessed to the crimes because there was no taped

statement or signed waiver form. (*Id.*) The jury, however, found Petitioner

guilty beyond a reasonable doubt, and thus they found the evidence

sufficient. Petitioner has failed to argue beyond his conclusory allegations

that there was insufficient evidence without the statements of the alleged

co-conspirators. As such, Petitioner has failed to prove that the admissions

of these statements had any material effect on the outcome of his trial.

Thus, even if the court did err, such an error does not provide Petitioner

with a basis for habeas relief.

The Court therefore concludes that the state court's denial of relief

on appeal was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to federal habeas relief on ground two.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 9th  day of December 2016.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.